# Whitaker *v.* McKinney *et al.*

*Petition to annul and vacate Probate of Will.*

1. *Vacating probate of will; laches by long lapse of time.*—After the lapse of a third of a century, from the admission to probate of an instrument purporting to be the last will and testament of a decedent, it will be presumed that said instru-

[Whitaker v. McKinney *et al.*]

ment was properly admitted to probate; and such laches imputable to one seeking to vacate and annul said order will prevent the granting of such application.

APPEAL from the Probate Court of Marshall.

Heard before the Hon. A. M. AYRES.

On December 2, 1898, the appellant, Simon Whitaker, filed a petition addressed to the judge of probate of Marshall county, in which the following facts were averred: In 1861 one Amos Stapler died in Marshall county, leaving considerable real estate and personal property. His widow resided on the homestead occupied by the deceased at the time of his death up to her death in 1891. Amos Stapler left as his heirs at law several brothers and sisters, among whom was the mother of the petitioner, who has since died, leaving the petitioner as one of her heirs at law. On October 27, 1863, there was presented to the probate court of Marshall county an application to have probated and established a certain paper purporting to be the last will and testament of said Amos Stapler, on the presentation of which instrument an order was entered on the minute books of said probate court and a day set for the hearing. At the regular term of said court, held on December 11, 1865, a decree was entered upon the minute books of the probate court establishing the said will and admitting the same to probate. There were a number of persons named in said will as legatees and devisees, and the names of such persons and of the heirs and distributees and legal representatives of such persons are set out in the petition.

It was then averred in said petition that Sarah Whitaker, who was one of the next of kin of said Amos Stapler, and who was the mother of the petitioner, was not notified of the proceedings to probate said last will and testament of said Amos Stapler, and that none of the next of kin of said Amos Stapler were notified of such proceeding except those named in said instrument as legatees and devisees, and that, therefore, the decree admitting said instrument to probate was voidable; that said order purporting to admit said last will and testament to probate was made and entered in 1865, "but that the same has never been put to final record for the reason

[Whitaker v. McKinney *et al.*]

that the said decree was illegal and voidable; but since the death of said Rebecca Stapler [the widow of Amos Stapler] certain of the heirs of the legatees in said instrument mentioned are setting up claims for said alleged will and its voidable probate, and are seeking to have said estate faithfully administered and distributed according to the terms of said alleged last will and testament. Petitioner avers that he is entitled on account of no notice having been given his mother, and because of the long lapse of time during which said minute entry has never been put to final record, to have said alleged last will and testament to probate vacated and annulled."

The prayer of the bill was that the court enter an order vacating and annulling said order of the probate court admitting such instrument to probate. On the hearing of this petition, there was introduced evidence tending to show the facts averred in the petition, and also to show that various acts of administration were performed by the executor under the will of Amos Stapler and the person recognized by the court as the personal representative of said Amos Stapler.

Under the opinion on the present appeal it is unnecessary to set out the facts in detail.

The court rendered judgment denying the relief prayed for in the petition, and ordering the petition dismissed. From this judgment the petitioner appeals, and assigns the rendition thereof as error.

O. D. STREET, for appellant, cited *Doe v. Ladd,* 77 Ala. 223; *Matthews v. McDade,* 72 Ala. 377; *Dickey v. Vann,* 81 Ala. 425; *McArthur v. Carrie,* 32 Ala. 77.

JOHN A. LUSK, *contra,* cited *Otis v. Dargan,* 53 Ala. 185; *Blakey v. Blakey,* 53 Ala. 611; *Deslonde v. Darrington,* 29 Ala. 92; *Lovell v. Chisholm,* 30 Ala. 88; *Dickey v. Vann,* 81 Ala. 425; *Matthews v. McDade,* 72 Ala. 378; *Buffington v. Cook,* 39 Ala. 64; *Wharton v. Thomason,* 78 Ala. 45; *Watts v. Clegg,* 48 Ala. 561; *Duncan v. Freeman,* 109 Ala. 185.

[Birmingham Railway, Light & Power Co. v. Nolan.]

SHARPE, J.—If it be assumed that the parties in interest who were not notified of the probate proceedings would have been entitled to have the judgment of probate set aside on timely application, still *laches* plainly imputable to appellant must prevail against his application. A third of a century is ordinarily sufficient to obscure a transaction such as the making of a will, and to make it difficult if not impossible to prove the contents of a lost will. A reproduction now of the evidence on which the contents of the will was established and the judgment was rendered in 1865, might be impracticable, and hence to set aside the judgment and open the way to a contest of the will, would be at the imminent risk of allowing the appellant an advantage from his own unreasonable delay.

Affirmed.